UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>For Online Publication Only</u>

-------------------------------------------------------------X

WAYNE FRAZER,

                              Plaintiff,

            -against-

BAKERY & DRIVERS LOCAL 550 AND INDUSTRY
HEALTH BENEFIT & PENSION FUND,

                              Defendant.

-------------------------------------------------------------X

**ORDER**
21-CV-00402 (JMA) (AYS)

**FILED**
**CLERK**

4/14/2021 11:43 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is the <u>in forma pauperis</u> application filed by <u>pro se</u> plaintiff, Wayne Frazer ("plaintiff").  For the reasons that follow, the application to proceed <u>in forma pauperis</u> is denied without prejudice and with leave to renew upon completion of the AO 239 Long Form <u>in forma pauperis</u> application ("Long Form") attached to this Order.   Alternatively, plaintiff may remit the $402.00 filing fee.

Plaintiff reports that he is retired and receives disability benefit payments in the sum of $1,400.00 per month.  (<u>See</u> ECF No. 2, ¶¶ 2-3.)  Plaintiff reports that he has $300.00 in cash or in a checking or savings account.  (<u>Id.</u> ¶ 4.)  Plaintiff reports that he owns a car, yet provides no monthly expenses associated with that vehicle such as gas and insurance.  (<u>Id.</u> ¶¶ 5-6.)  Additionally, in the space that calls for regular monthly expenses for items such as housing, transportation, utilities, food, etc., plaintiff reports $110.00 per month and an additional $300.00 for taxes.  (<u>Id.</u> ¶ 6.)  Further, plaintiff reports having no dependents and a sole financial obligation to "H.O.A." in the amount of $400.00 per month.  (<u>Id.</u> ¶¶ 7-8.)  Thus, because plaintiff's monthly income of $1,400.00 exceeds his report regular monthly expenses, together with his savings, it appears plaintiff is not qualified to commence this action without payment of the filing fee. However, given his <u>pro se</u> status and in an abundance of caution, plaintiff's application to proceed

in forma pauperis is denied without prejudice and with leave to renew upon completion of the long form application enclosed with this Order within twenty-one (21) days from the date of this Order. Alternatively, plaintiff may remit the $402.00 filing fee.   Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further, upon review of plaintiff's complaint, plaintiff is cautioned that Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" against each defendant so that they have adequate notice of the claims against them.   Fed. R. Civ. P. 8(a)(2), see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").   The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."   Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (internal quotation marks and citation omitted).   A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.   Iqbal, 556 U.S. at 678 (internal citations and alterations omitted).   Given that plaintiff's entire statement of claim is a single sentence: "The defendant violated plaintiff rights of E.R.I.S.A. disability pension", he is well-advised to review Rule 8's requirements.   Once paid, there are no refunds of the filing fee regardless of the outcome of the case.

2

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated: April 14, 2021
Central Islip, New York

_____/s/ (JMA)_____
JOAN M. AZRACK
 UNITED STATES DISTRICT JUDGE

3